IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gary L. Wise, #285074,<br><br>                 Plaintiff,<br><br>    vs.<br><br>South Carolina Department of<br>Corrections, et al., defendants officially<br>and in their individual capacity,<br><br>                 Defendants. | Civil Action No. 6:06-0802-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for injunctive relief. The plaintiff, who is proceeding *pro se*, filed this action on March 22, 2006, pursuant to Title 42, United States Code, Section 1983, claiming that he has not been granted sufficient access to the law library at Turbeville Correctional Institution. A motion for summary judgment was filed on July 21, 2006. The plaintiff has received several extensions of time within which to respond to the motion for summary judgment, and he has not yet responded to that motion.

In his motion for injunctive relief, the plaintiff states that "[i]t violates his constitutional rights to restrict [him] to the use of the law library, and to the use of the law library typewriter, to deny [him] some one to help him with his legal petitions to the courts. Which stops [him] from substantiating his claims" (m. for inj. relief 9).

On December 29, 2006, the defendants filed their opposition to the plaintiff's motion, arguing that the relevant considerations weigh against granting the motion. In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

    (a)    The plaintiff's likelihood of success in the underlying dispute between the parties;

>   (b)   whether the plaintiff will suffer irreparable injury if the injunction is not issued;
>
>   (c)   the injury to the defendant if the injunction is issued; and
>
>   (d)   the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271.

This court agrees with the defendants that the plaintiff has not made the required showing. As argued by the defendants, "[w]hile the plaintiff complains of an insufficient amount of allocated time to utilize the prison law library, his very submission to this court belies his claim. In support of his motion for injunctive relief, the plaintiff submits a ten page memorandum in which he includes seventeen case citations. Clearly, the plaintiff cannot make a valid claim of an inability to access the law library based on this very submission alone" (resp. to m. for inj. relief 1). Further, the defendants will suffer harm if the injunction is granted in that the "effect will be to place a significant amount of control of the law library and its functions in the plaintiff's hands" and "will lead to one inmate having an inordinate amount of power in the operation of the library and will cause difficulties in dealing not only with the plaintiff, but also with other inmates who may be unhappy with another inmate having such power possibly at their expense" (resp. to m. for inj. relief 2). Also, there is not a great likelihood that the plaintiff will succeed on the merits as his previous filings have shown that he has sufficient access to the law library. Finally, the public interest will "not be well served if an inmate can subvert the operation fo the law

library . . . to his will, for the obvious reasons concerning security and morale" (resp. to m. for inj. relief 3).

Wherefore, based upon the foregoing, it is recommended that the plaintiff's motion for injunctive relief be denied.

                                                                                              s/William M. Catoe
                                                                                              United States Magistrate Judge

January 3, 2007

Greenville, South Carolina