IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gary L. Wise, #285074, ) | Civil Action No. 6:06-0802-HFF-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| South Carolina Department of ) | |
| Corrections; Michael Sheedy, Warden, ) | |
| TCI; Mr. Ickes, Mailroom Clerk, TCI; ) | |
| Mr. T. Bagney, School Principal, TCI; ) | |
| Mr. K. Rainwater, ICG, TCI; Ms. J. ) | |
| Rose, Associate Warden, TCI; Ms. J. ) | |
| Ham, Computer Teacher, TCI; Mr. ) | |
| Blackwell, Major, TCI; Mr. H. Hester, ) | |
| Captain, TCI; Mr. B. Holladay, ) | |
| Librarian, TCI; and Mr. O. Gardner, ) | |
| in their official and individual capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendants' motion for summary judgment. The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff claims that he has not been granted sufficient access to the law library at Turbeville Correctional Institution. The defendants filed a motion for summary judgment on July 21, 2006. By order filed July 24, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and given through August 28, 2006, to respond to the motion. The plaintiff was subsequently

granted five extensions of time to respond, the first through October 6, 2006; the second through November 3, 2006; the third through December 7, 2006; the fourth through January 2, 2007; and finally through February 1, 2007. The plaintiff filed his 60-page,[1] albeit untimely, response to the motion for summary judgment on February 5, 2007. Notably, the plaintiff filed approximately six motions, in addition to the motions for extension of time, while the motion for summary judgment was pending.

## **FACTS PRESENTED**

The plaintiff brings this action against Michael Sheedy, Warden of Turbeville Correctional Institution ("TCI"); Mr. Ickes, the Mail Room Clerk at TCI; Thurston Bagnal, the Principal of the Education Unit at TCI; Major James R. Blackwell; Sgt. Gardner; Genell Ham, a Computer Teacher at TCI; Captain Neal Hester; Billy E. Holladay, the Law Librarian at TCI; Kenneth Rainwater, the Institutional Grievance Coordinator at TCI; and Janie W. Rouse, Associate Warden at TCI. As stated above, the plaintiff complains that he has not been granted sufficient access to the law library at TCI. He claims that defendants Sheedy, Blackwell and Hester are liable in their supervisory capacities "by not rectifying the situation" when he complained that he was not granted access to the law library as much as he liked. The plaintiff alleges that defendant Ickes did not allow him to photocopy and did not mail legal mail out on time. He also alleges that defendants Rainwater, Holladay, Bagnal, and Ham harassed, hindered, delayed and denied him access to the law library. He makes no direct allegations concerning defendants Rouse and Gardner. The plaintiff claims that because he could not access the law library as he wished, he was unable to successfully respond to opposing filings and also claims that he was not able to file an appeal to the United States Supreme Court in a timely manner.

---

[1] The plaintiff is referred to Local Civil Rule 7.05(B)(1) DSC, which limits the length of the initial brief of any party to 35 pages unless an exception is granted by the court.

The defendants contend that since his incarceration at TCI in 2004, the plaintiff has been granted extensive use of the institutional law library. They claim that the plaintiff requested almost unlimited library time, and they attempted to accommodate him when at all possible. However, institutional policy regarding the law library grants each general population inmate one day per week in the law library. Extra time in the law library can be granted if an inmate produces evidence of a court deadline. Once this is produced, a determination will be made as to how much extra time is needed to meet the deadline, and then the additional time in the law library is granted. The defendants claim that because the plaintiff consistently refused and failed to produce such documentation, it was necessary to require that he adhere to the standard schedule until such documentation was produced. The defendants deny that they have violated any constitutional rights belonging to the plaintiff.

The plaintiff seeks compensation for mental anguish and emotional distress in the amount of $2,000,000.00 and further compensation in the amount of $75,000.00 per defendant. He also requests that the court cause defendant Ickes to be terminated, that the mail room be open for longer periods, and that inmates be allowed time each day to mail out legal copies and to make photocopies. He also requests that inmates who are involved in litigation have access to the law library free from harassment and inmates be given access to legal copies and materials.

On January 3, 2007, this court recommended that the plaintiff's motion for injunctive relief be denied. That motion is now pending before the Honorable Henry F. Floyd, United States District Judge.

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). In *Bounds*, the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id*. at 828. Prison officials are not required to provide both, as long as access to either the library or the trained personnel is "meaningful." *Id*. at 831-32.

In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. In *Cruz v. Hauck*, 515 F.2d 322 (5th Cir. 1975), the court noted that "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate devise of the State." *Id.* at 331.

The defendants submitted the affidavit of defendant Holladay, the Law Librarian at TCI, who testified that inmates are ordinarily allowed one day per week to use the law library unless they have court documentation showing a date specifying a deadline for the inmate. At that time, the inmate can request extra time in the library to prepare the documents necessary to meet the deadline. According to the librarian, the plaintiff rarely showed any verification of a court deadline requiring extra library time, although he constantly demanded extra time. According to Holladay, the plaintiff was generally provided with the library time he requested. However, in August 2005, the plaintiff continued to disregard the requirements necessary for extra library time, so Holladay instituted a "strict policy [that] prevented the plaintiff from abusing

5

the system. From that point forward, the plaintiff was allowed excess time in the library if he was able to produce the required documentation verifying a court deadline that he was required to meet. Therefore, the plaintiff was required to comply with agency policy regarding the law library, just like all other inmates" (Holladay aff. ¶¶ 1-3).

The defendants also submitted the affidavit of defendant Ham, a computer teacher who from time to time had supervisory duties in the law library. He testified that the plaintiff demanded an inordinate amount of time in the law library, but he was unable to produce the necessary paperwork verifying his permission to be there (Ham aff. ¶¶ 1-2).

Defendant Bagnal, the Principal of the Education Unit, testified in his affidavit that he also has some interaction with the law library. He also testified that the plaintiff has spent an extensive amount of time in the law library, over and above the general time allotted for inmates in his unit. According to Bagnal, allowing the plaintiff to use the library without documentation verifying his need for more time would cause other inmates to demand the same treatment, which would result in the library being unable to handle the number of inmates wanting the same access (Bagnal aff. ¶¶ 2-4).

Similarly, defendant Rainwater, the Institutional Grievance Counselor, testified that his investigations into the plaintiff's grievances regarding denial of access to the law library revealed that the plaintiff was allowed to use the library "far in excess of the normal allocation accorded inmates." He further testified that the plaintiff consistently fails to produce the required documentation in order to receive more time in the law library (Rainwater aff. ¶¶ 4-6).

The defendants argue that the plaintiff's filings with the court contradict his claims concerning his inability to adequately access the law library. As an example, they note that after they filed an answer to the plaintiff's complaint on May 30, 2006, the plaintiff filed a 26 page "Objection" to the defendants' answer filled with legal citations and analysis (docket entry no. 21). This document was filed a mere 13 days after the defendants' answer was filed, which belies the plaintiff's claims concerning his access to the TCI law library.

Further, they argue that it is incumbent upon the plaintiff to show that a non-frivolous legal claim was frustrated or impeded, and although the plaintiff complains that such is the case, he has not come forward with any documentation that would verify this claim. In his complaint, the plaintiff alleges that he was not allowed adequate access to the law library "to object in a timely fashion to the Report and Recommendation of the Magistrate Judge" and therefore his appeal to the Fourth Circuit Court of Appeals was dismissed (comp. at 4). It appears[2] that the plaintiff is referring to an earlier case filed with this court concerning the same allegations as in this case. *See Wise v. SCDC, et al.*, Civil Action No. 6:05-0008-26AK. In that action, the defendants filed an answer to the plaintiff's complaint, raising as an affirmative defense the plaintiff's failure to exhaust his available administrative remedies. The plaintiff responded with a document entitled "Motion for Leave," in which he requested leave to exhaust his administrative remedies. A response was filed by the defendants, and this court filed a report recommending dismissal of the case without prejudice in order to allow the plaintiff to exhaust his available administrative remedies, as he requested. The plaintiff did not object to this report and recommendation, and it was adopted by the District Court on July 20, 2005. The plaintiff later filed documents indicating that he wished for a stay of his case instead of a voluntary dismissal. He then appealed the District Court's dismissal of the case.

The Fourth Circuit Court of Appeals found that the plaintiff had waived appellate review because he did not object to the magistrate judge's recommendation. As argued by the defendants, the plaintiff would have a difficult time claiming that a non-frivolous legal claim has been frustrated or impeded due to his claim of inability to access the law library, when it was his own motion that this court recommended be granted. Further, dismissal without prejudice to

---

[2] While the plaintiff does not cite the case number of the case to which he is referring, this court has searched the docket and takes judicial notice that the plaintiff has filed six cases, including the instant case, in the United States District Court for the District of South Carolina since June 2004, the date of his incarceration at TCI. While he has appealed several orders in these cases to the Fourth Circuit, it appears that he is referring to the Fourth Circuit's order in *Wise v. SCDC, et al.*, Civil Action No. 6:05-0008-26AK.

7

allow administrative remedies to be exhausted is the proper procedure in such a case, and any objection filed by the plaintiff would have been fruitless. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (finding that a stay for an inmate to exhaust state remedies was improper, stating "[A]bsent some other bar to the suit, a claim either is cognizable under §1983 and should immediately go forward, or is not cognizable and should be dismissed.").

Further, the plaintiff claims that he was unable to appeal a decision to the United States Supreme Court because he did not file his Notice of Appeal in time (comp. at 4). However, the defendants have been unable to find in Supreme Court records documentation concerning an appeal by the plaintiff or a dismissal due to lack of timely filing (def. m.s.j. at 7).

The plaintiff also claims that he has been denied photocopies and that his legal mail is not sent out on time (comp. at 2). However, a prisoner's right of access to the courts does not include a right of unlimited access to a photocopying machine. *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980); *see also Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("The reasonableness of a prison's photocopy policy becomes relevant only after the prisoner has shown that the policy is impeding that access, for if it is unreasonable but not impeding he has not made out a prima facie case of violation of his constitutional rights"). Additionally, the plaintiff's failure to illustrate that a lack of timely mailing has frustrated or impeded his access to the court necessarily dictates that such a claim be disregarded and dismissed by the court.

The plaintiff also claims that the defendants conspired against him to violate his rights. In order to establish a civil conspiracy under Section 1983, a plaintiff must present evidence that the alleged conspirators acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's deprivation of a constitutional right. *Hinkle v. City of Clarksburg, West Virginia*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiffs have a weighty burden in establishing a civil rights conspiracy. While they need not produce direct evidence of a meeting of the minds, they "must come forward with specific circumstantial

evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Id.* To survive a summary judgment motion, the "evidence must, at least, reasonably lead to the inference that [the conspirators] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Id.* Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). Here, the plaintiff has failed to come forward with evidence tending to prove that the defendants conspired to deprive him of a constitutional right or that he was deprived of a constitutional right. Accordingly, the plaintiff's conspiracy claim fails.

To the extent the plaintiff has alleged any other state law claims against the defendants, the court should decline to exercise supplemental jurisdiction over any such claims as it is recommended that summary judgment be granted on the federal claims. *See* 28 U.S.C. §1367(c).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted. The plaintiff's pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

February 7, 2007

Greenville, South Carolina